IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW TOLIVER, ID # 891053, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:08-CV-0682-N (BH) |
| ) | ECF |
| F. DUNCAN THOMAS, et al., ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against F. Duncan Thomas, District Attorney of Hunt County; Richard A. Beacon, Jr., Hunt County District Judge; and three former defense attorneys – Jack Paris, Toby Wilkinson, and Don Parks. (Compl. at 2-3; Answer to Question 1 of Magistrate Judge's Questionnaire (MJQ).[1]) He files the instant complaint under a purported "discovery rule" which delays commencement of an applicable statute of limitations "until claimant discovers or, in the exercise of due diligence, should have discovered facts establishing a cause of action." (Compl. at 3.) He contends that he recently discovered through an inmate paralegal that certain defendants

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

conspired to commit fraud and violate his constitutional rights.[2] (*Id.*; Answer to Question 2 of MJQ.) He asserts the following claims generally: fraudulent concealment, fraud, malice, conspiracy, discrimination, misuse of official powers, selective prosecution, retaliation, violation of deceptive trade practice act, and for deliberate deprivation of a protected right. (Compl. at 3.) He specifically sues the three defense attorneys for "malpractice, neglect, breach of fiduciary duty, fraudulent concealment, [and] violation of the Texas Deceptive Trade Practice Act." (*Id.* at 21.) With respect to Defendant Paris, Plaintiff also asserts claims of conspiracy and fraud or fraudulent misrepresentation. (*Id.* at 23.)

The legal issues which culminated with the instant action began in July 1994, when Plaintiff was charged with aggravated sexual assault. (*Id.* at 4.) In September 1994, he was arrested on an unrelated charge but ultimately acquitted by a jury. (*Id.* at 4-5.) In June 1996, on the advice of Attorney Paris, Plaintiff pled guilty to the sexual assault charge and was placed on five years deferred adjudication probation. (*Id.* at 12-13.) In 1999, Plaintiff's probation was revoked, and he was sentenced to ten years imprisonment. (*Id.* at 16.)

Plaintiff has taken several steps to overturn his sexual assault conviction through available state-court processes, but the conviction has not been reversed, expunged, declared invalid, or called into question. (*See* Answers to Questions 3-4 of MJQ.) Plaintiff seeks punitive monetary damages against each named defendant in both his official and individual capacities.[3] (Compl. at 26-27 &

---

[2] Although page three of the complaint indicates that all defendants conspired to commit fraud and violate his constitutional rights, the remainder of the complaint definitively shows that Plaintiff makes no conspiracy allegation against Defendants Wilkinson and Parks. The Court thus considers the alleged conspiracy to involve only the judge, prosecutor, and Attorney Paris.

[3] Although Plaintiff specifically indicates that he sues each defendant in his official capacity, he also argues that he can overcome a qualified immunity defense. (*See* Compl. at 18.) Because qualified immunity is immaterial when plaintiffs proceed against defendants only in their official capacity, *see Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985), the

2

Ex. A.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against a state district judge, a

---

argument regarding qualified immunity suggests that Plaintiff intends to proceed against defendants in their individual capacities also.

county prosecutor, and three former defense attorneys for actions taken during various criminal proceedings against Plaintiff between 1994 and 1999. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. *Heck* Bar**

Based on the allegations raised in the instant action, it appears clear that success on some claims would necessarily imply the invalidity of a Plaintiff's sexual assault conviction. Consequently, under *Heck v. Humphrey*, 512 U.S. 477 (1994), such claims must be dismissed, unless Plaintiff demonstrates that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See* 512 U.S. at 486-87.

Plaintiff concedes that there has been no such reversal, expungement, declaration of invalidity, or issuance of a § 2254 writ. (*See* Answer to Question 4 of MJQ.) To the extent that *Heck* applies and bars claims raised in the instant action, such claims have no basis in law and would be subject to dismissal as frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). The Court need not determine, however, whether *Heck* bars any claim raised in Plaintiff's complaint because the case presents issues that are appropriate for early and final determination. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Reed v. City of Dallas*, No. 3:05-CV-0004-G, 2006 WL 1876638, at *3-4 (N.D. Tex. June

4

29, 2006) (accepting recommendation that a lack of state action and a failure to allege any official policy or custom so as to impose municipal liability provides issues that are appropriate for early and final determination); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues"). The Court thus bypasses the potential *Heck* bar so as to address issues that are appropriate for early and final determination.

**B. Claims Against State Judge**

Plaintiff specifically sues Judge Beacon in his official capacity. An official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Because Judge Beacon is entitled to Eleventh Amendment immunity, Plaintiff's claims against him in his official capacity should be dismissed.

To the extent Plaintiff sues Judge Beacon in his individual capacity, the doctrine of absolute immunity applies. The United States Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Furthermore, allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11. Likewise, allegations of a conspiracy between the "judge and prosecutor to predetermine the outcome of a judicial proceeding" do not overcome

5

judicial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (cited with approval in *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)).

Plaintiff's complaint is replete with claims that Judge Beacon lacked jurisdiction to convict him due to an untimely indictment. Plaintiff, however, concedes that he was indicted for and convicted of aggravated sexual assault. Such indictment provides the trial court jurisdiction to try and convict Plaintiff. *See* Tex. Const. Art. V, § 12(b); *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). In light of the indictment, there is no basis for finding that Judge Beacon acted without jurisdiction. Consequently, Judge Beacon is absolutely immune to the claims asserted against him in his individual capacity, and the Court should dismiss the claims.

## C. Claims Against Prosecutor

Plaintiff specifically sues District Attorney Thomas in his official capacity. In Texas, county prosecutors are county officials. *Johnson v. Kegans*, 870 F.2d 992, 998 n.5 (5th Cir. 1989). Nevertheless, when acting on behalf of the State in his role as prosecutor, such prosecutor is an agent of the State who is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Esteves v. Brock,* 106 F.3d 674, 677 n.8 (5th Cir. 1997). In this instance, Plaintiff's claims arise out of prosecutorial actions taken by Defendant Thomas. Consequently, Thomas is entitled to Eleventh Amendment immunity, and Plaintiff's claims against him in his official capacity should be dismissed.[4]

---

[4] To the extent Defendant Thomas is a county agent, the Court must consider principles of municipal liability. To hold a county municipality liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, TX., 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 2039 (2006). In this instance, Plaintiff has alleged no official policy or custom on the part of the county that violated his constitutional rights. In such circumstances, it is also appropriate to dismiss the official capacity claims. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

6

To the extent Plaintiff sues Defendant Thomas in his individual capacity, the doctrine of prosecutorial immunity applies. Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). An alleged conspiracy between judge and prosecutor "does not pierce the immunity." *Ashelman*, 793 F.2d at 1078 (cited with approval in *Boyd*, 31 F.3d at 285); *accord Cuauhtli v. Miller*, No. 4:07-CV-151-Y, 2007 WL 2410053, at *2 (N.D. Tex. Aug. 24, 2007). Plaintiff in this case has made no allegation that Defendant Thomas acted other than in his adjudicative role as prosecutor. Thomas thus has absolute immunity against Plaintiff's claims.

**D. Claims Against Defense Attorneys**

Plaintiff specifically sues his three former defense attorneys in their official capacities. From the complaint filed in this action, these three defendants appear to be private attorneys appointed by the court to represent Plaintiff during various aspects of his criminal proceedings. Private attorneys have no official capacity in which they may be sued. Plaintiff's official capacity claims against the private attorneys thus fail.[5]

To the extent Plaintiff sues his defense attorneys in their individual capacities, the Court

---

[5] It should be noted that for the time periods relevant to Plaintiff's criminal proceedings, counties in Texas could appoint one or more attorneys to serve as a public defender. *See* Tex. Code Crim. Proc. Ann. art. 26.044 (West 1989). While it is unclear whether Texas public defenders under that system can be sued in an official capacity, the Supreme Court has clearly held that public defenders are not official state actors when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). When a public defender "is doing a defense lawyer's primary job", he does "not ac[t] on behalf of the State; he is the State's adversary." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001). Consequently, "[t]he state-action doctrine does not convert opponents into virtual agents." *Id.* at 304. The rationales of these cases support finding no basis for an official capacity suit against a public defender.
 Even if an official capacity suit can be maintained against a public defender in Texas, such suit would necessarily fail in this instance whether the appointed attorneys are considered as county or state agents. As mentioned with respect to Plaintiff's claims against the prosecutor, an official capacity claim against a county official fails because Plaintiff has alleged no official policy or custom on the part of Dallas County that violated his constitutional rights. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). If the attorneys are considered state agents, they are protected against official capacity claims by Eleventh Amendment immunity.

7

must consider whether they are proper parties under 42 U.S.C. § 1983. In general, defense attorneys are not state actors for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). However, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983.

The Supreme Court has recognized that willful participation in a conspiracy with a state actor may subject a private actor to liability. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). In this instance, Plaintiff alleges throughout his complaint that Judge Beacon and District Attorney Thomas conspired against him. (*See* Compl. at 3, 9-10, 15-19.) He claims that Attorney Paris became an accessory to that conspiracy when he "accepted representation by agreeing with Mr. Thomas and Mr. Beacon in coercing plaintiff to plea guilty to probation just to close out a case." (*Id.* at 23.) Plaintiff does not allege that Attorneys Wilkinson or Parks participated in any conspiracy. (*See id.* at 21-26.) Despite the allegation that Attorney Paris became an accessory to the alleged conspiracy, Plaintiff alleges no facts sufficient to suggest an agreement between Paris and the public actors to commit an illegal act. The mere fact that Paris accepted an appointment to represent Plaintiff in his state criminal case and thereafter advised him to plead guilty so as to obtain deferred adjudication probation is insufficient to suggest that Paris joined the alleged conspiracy between judge and prosecutor. For all of these reasons, Plaintiff's former defense attorneys were not acting under color of state law due to any involvement in an alleged conspiracy with state actors.

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the government when they represent an individual in a criminal proceeding. In addition, there is no nexus between the State and the actions of the attorneys such that the attorneys' actions are fairly attributable to the State. Further, Plaintiff has alleged no facts to suggest an agreement between his defense attorneys and any state actor to commit an illegal act. For all of these reasons, Plaintiff has failed to state a viable claim under § 1983 against his former attorneys, and his claims against them in their individual capacities should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of Plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. The dismissal of this action will count as a

"strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6]

**SIGNED this 16th day of May, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.